UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

| | |
|---|---|
| SHUZHEN ZHONG, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNITED STATES, : <br> : <br> Defendant. : | Court No. 22-00041 |

# **ORDER**

Upon consideration of defendant's motion for a more definite statement, and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion be, and hereby is, granted;

**ORDERED** that plaintiff, within thirty (30) days of this order, shall file a complaint that more definitely states the claim(s) that she is bringing and the relief that she seeks from the Court, including which questions from the April 2018 Customs Broker License Exam that plaintiff is challenging, how U.S. Customs and Border Protection erred in denying her administrative appeal, and what relief plaintiff seeks from the Court as to each question challenged; and it is further

**ORDERED** that defendant shall respond to such complaint within thirty (30) days of its docketing.

_____
JUDGE

Dated: New York, New York
     This_____day of_____, 2022.

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

| | |
|---|---|
| SHUZHEN ZHONG, | |
| Plaintiff, | Court No. 22-00041 |
| v. | |
| UNITED STATES, | |
| Defendant. | |

## DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

Defendant, the United States, moves for a more definite statement from plaintiff, Ms. Shuzhen Zhong, pursuant to United States Court of International Trade Rule 12(e). Specifically, the United States requests that the Court have Ms. Zhong file a complaint that more definitely states the claims that she is bringing and the relief that she seeks from the Court, including which questions from the April 2018 Customs Broker License Exam that plaintiff is challenging, how U.S. Customs and Border Protection erred in denying her administrative appeal, and what relief plaintiff seeks from the Court as to each question challenged. The basis for our motion is set forth in the attached memorandum.

WHEREFORE, defendant respectfully requests that its motion for a more definite statement be granted.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Attorney General

PATRICIA M. McCARTHY
Director

|  |  | JUSTIN R. MILLER<br>Attorney in Charge<br>International Trade Field Office |
|---|---|---|
|  | By: | /s/ Aimee Lee<br>AIMEE LEE<br>Assistant Director |
|  |  | /s/ Luke Mathers<br>LUKE MATHERS |
| Of Counsel:<br>Mathias Rabinovitch<br>Office of the Assistant Chief Counsel<br>International Trade Litigation<br>U.S. Customs and Border Protection |  | Trial Attorney<br>Department of Justice, Civil Division<br>Commercial Litigation Branch<br>26 Federal Plaza, Room 346<br>New York, New York 10278<br>(212) 264-9236 |
| Dated: April 8, 2022 |  | *Attorneys for Defendant* |

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

| | : | |
|---|---|---|
| SHUZHEN ZHONG, | : | |
| | : | |
| Plaintiff, | : | Court No. 22-00041 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

|  |  |
|---|---|
|  | BRIAN M. BOYNTON |
|  | Principal Deputy Assistant Attorney General |
|  |  |
|  | PATRICIA M. McCARTHY |
|  | Director |
|  |  |
|  | JUSTIN R. MILLER |
|  | Attorney in Charge |
|  | International Trade Field Office |
|  |  |
|  | AIMEE LEE |
|  | Assistant Director |
|  |  |
|  | LUKE MATHERS |
| Of Counsel: | Trial Attorney |
| Mathias Rabinovitch | Department of Justice, Civil Division |
| Office of the Assistant Chief Counsel | Commercial Litigation Branch |
| International Trade Litigation | 26 Federal Plaza, Room 346 |
| U.S. Customs and Border Protection | New York, New York 10278 |
|  | (212) 264-9236 |
| Dated: April 8, 2022 | *Attorneys for Defendant* |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

BACKGROUND ......................................................................................................................... 2

ARGUMENT ............................................................................................................................... 2

    I.    Standard of Review...................................................................................................... 2

    II.    Ms. Zhong's Letter is Vague Because it Fails to State Which Questions She is Challenging, How Customs Erred in Denying Her Administrative Appeal, and What Relief She Seeks From the Court as to Each Question Challenged....................................................... 3

CONCLUSION............................................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*Chae v. Sec'y of the Treasury*, 518 F. Supp. 3d 1383 (Ct. Int'l Trade 2021) .............................. 3, 4

*Di Iorio v. United States*, 14 C.I.T. 746 (1990) ................................................................................ 4

*Erickson v. Pardus*, 551 U.S. 89 (2007) ............................................................................................ 2

**Rules**

USCIT Rule 10(b) ................................................................................................................................ 5

USCIT Rule 12(e) ................................................................................................................................ 3

USCIT Rule 8(a)(2) .......................................................................................................................... 3, 4

USCIT Rule 8(e)(1) ............................................................................................................................. 5

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

---

| | |
|---|---|
| SHUZHEN ZHONG, | |
|               Plaintiff, | Court No. 22-00041 |
|        v. | |
| UNITED STATES, | |
|              Defendant. | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

Defendant, the United States (the Government), submits this memorandum in support of its motion for a more definite statement pursuant to United States Court of International Trade (USCIT) Rule 12(e), from plaintiff, Ms. Shuzhen Zhong, with respect to her letter to the Court, which the Clerk of Court construed as a summons and complaint. *See* ECF Nos. 1 and 2. We know that Ms. Zhong does not have the benefit of legal counsel, but that she has made a request for the appointment of counsel. We fully support Ms. Zhong's request and would welcome the Court's appointment of counsel; however, unfortunately, the Government cannot reasonably formulate a response to Ms. Zhong's letter as filed. Accordingly, the Government respectfully requests that the Court have Ms. Zhong file a complaint that more definitely states the claims that she is bringing and the relief that she seeks from the Court, including which questions from the April 2018 Customs Broker License Exam that plaintiff is challenging, how U.S. Customs and Border Protection erred in denying her administrative appeal, and what relief plaintiff seeks from the Court as to each question challenged. Once the claims are clarified, we will be able to file a response.

**BACKGROUND**

This case was instituted through the filing of a letter that the Clerk of the Court docketed as a summons and complaint and appears to challenge the score that Ms. Zhong received on a Customs Broker License Exam. ECF Nos. 1 and 2. Ms. Zhong's letter explains that she took the April 2018 Customs Broker License Exam and, after two administrative appeals, attained a final score of 73.75 percent, which is 1.25 points away from a passing score of 75 percent. *See* ECF No. 2 at 1–2. Her letter continues that correspondence from U.S. Customs and Border Protection (Customs) concerning her second appeal to Customs was sent to the wrong address and inaccurately referred to her as "Mr." instead of "Ms." *See id.* The letter also states that Customs acted unprofessionally in addressing her appeals, failing to appreciate the importance that passing the Exam has to her livelihood and her family. *See id.* Finally, the letter requests that the Court appoint Ms. Zhong counsel to "step in and help [her] make everything right," and to "have a second look at [her] second appeal, to give [her] what [she] deserve[s]." *Id.* at 2. Attached to the letter are documents from Customs concerning Ms. Zhong's administrative appeals, including Customs' explanations from Ms. Zhong's second appeal for declining to award Ms. Zhong credit for questions 31, 32, 51, 56, and 59 of the Exam. *Id.* at 3–14.

**ARGUMENT**

I.    **Standard of Review**

A plaintiff proceeding without a lawyer "must be held to less stringent standards" when authoring a pleading (in this case, a complaint). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). But a complaint that an unrepresented plaintiff writes must still provide the defendant with fair notice of what claims the plaintiff is making. A complaint provides fair notice if it contains "a short and plain statement of the claim showing that the

pleader is entitled to relief." USCIT Rule 8(a)(2). If the complaint fails to do that—if it is "so vague or ambiguous that" the defendant "cannot reasonably prepare a response"—then the defendant "may move for a more definite statement" from the plaintiff. USCIT Rule 12(e). A Rule 12(e) motion "must point out the defects complained of and the details desired."

II. **Ms. Zhong's Letter is Vague Because it Fails to State Which Questions She is Challenging, How Customs Erred in Denying Her Administrative Appeal, and What Relief She Seeks From the Court as to Each Question Challenged**

While we appreciate Ms. Zhong's letter and the information provided, we respectfully request that the Court have Ms. Zhong file a complaint that sets forth the claims and relief that she seeks with clarity. Ms. Zhong's letter is vague in that it does not state which questions Ms. Zhong is challenging, how Customs erred in denying her administrative appeal, or what relief she seeks from the Court as to each question challenged. The Court should accordingly request that Ms. Zhong file a complaint which provides these details.

First, it is not clear which April 2018 Customs Broker License Exam questions Ms. Zhong is challenging. Her second appeal to Customs concerned questions 31, 32, 51, 56, and 59 (excepting question 2, for which Customs granted Ms. Zhong credit). She may want the Court to review all of those questions and her answers, or only some of them—but the letter does not say either way. Because it is unclear which questions Ms. Zhong is challenging, the Government does not have fair notice of her claims. *Cf. Chae v. Sec'y of the Treasury*, 518 F. Supp. 3d 1383, 1403 (Ct. Int'l Trade 2021) (giving examples of complaints where plaintiffs stated the questions they were challenging and the relief they sought for each question). Ms. Zhong should therefore state which questions she is challenging.

Second, it is not clear to us from Ms. Zhong's letter how Customs erred in denying Ms. Zhong's administrative appeal. Again, a pleading provides fair notice if it "show[s] that the

3

pleader is entitled to relief." USCIT Rule 8(a)(2). For Ms. Zhong to be entitled to relief, she must demonstrate that Customs' decision to deny her second appeal was unreasonable. *Di Iorio v. United States*, 14 C.I.T. 746, 747 (1990) (explaining that Customs' decision may be set aside under 5 U.S.C. § 706(2)(A) if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"). But Ms. Zhong's letter merely attaches Customs' explanations for denying her credit for the questions that she appealed, speculates that Customs could have overlooked the arguments that she made in her administrative appeal, and asks for the Court to take a second look. *See* ECF No. 2 at 1–2, 5–12. She does not, however, state how Customs' explanations for denying her credit are unreasonable. *See Di Iorio*, 14 C.I.T. at 752 (the court reviews the reasonableness of Customs' decisions; it is not the "final reviewer of the Customs broker licensing examinations"). Ms. Zhong should accordingly state how Customs erred.

Third, it is not clear what relief Ms. Zhong seeks from the Court as to each question she challenges. She asks in her letter that the Court "have a second look at [her] second appeal, to give [her] what [she] deserve[s]." ECF No. 2 at 2. We can understand that Ms. Zhong would like to receive a passing grade on the Exam, but a complaint must state "what actions" the plaintiff is "requesting the court to take." *Chae*, 518 F. Supp. 3d at 1403. Ms. Zhong's letter, in addition to not stating which questions she challenges or the reasons why Customs erred, does not say whether she asks "that the court re-examine [her] answers," "that the court compel Customs again to re-examine [her] answers, or whether [she] seeks some other type of relief." *Id.* We respectfully submit that Ms. Zhong should state what relief she seeks from the Court as to each question she challenges.

In sum, even though Ms. Zhong seeks the Court's review of her second appeal from her score on the April 2018 Customs Broker License Exam, the Government cannot reasonably

4

formulate a response to a pleading that does not state which questions Ms. Zhong challenges, how Customs erred in denying her administrative appeal, and what relief she seeks from the Court. Ideally, Ms. Zhong's complaint would provide that information concisely and in separate, numbered paragraphs. *See* USCIT Rules 8(e)(1) and 10(b). Once a complaint is filed that provides more detailed information, the Government will be able to formulate its response.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court have Ms. Zhong file a complaint that more definitely states her claims and the relief she seeks.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney in Charge
International Trade Field Office

By: /s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Luke Mathers
LUKE MATHERS
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9236
*Attorneys for Defendant*

Of Counsel:
Mathias Rabinovitch
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated: April 8, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

_____
                                            :
SHUZHEN ZHONG,                              :
                                            :
               Plaintiff,   :    Court No. 22-00041
                                            :
               v.          :
                                            :
UNITED STATES,                              :
                                            :
               Defendant.  :
_____:

## **CERTIFICATE OF COMPLIANCE**

     I, Luke Mathers, a trial attorney in the Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Memorandum in Support of Defendant's Motion for a More Definite Statement, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 1,331 words.

                                                         /s/ Luke Mathers
                                                         LUKE MATHERS

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| SHUZHEN ZHONG, | : | |
| Plaintiff, | : | Court No. 22-00041 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

# CERTIFICATE OF SERVICE

I, Luke Mathers, a trial attorney in the Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office, certify that on April 8, 2022, on behalf of the United States, defendant, I caused the foregoing Motion for a More Definite Statement and Memorandum in Support thereof to be served upon plaintiff, Ms. Shuzhen Zhong, at her last known address, 77 Bogota Street, Staten Island, NY 10314, by Federal Express.

/s/ Luke Mathers
LUKE MATHERS