## Court NO. 22-00041

In response to a more definite statement. I (Shuzhen Zhong) is hereby, complaining Ms. Brenda B. Smith the Executive Assistant Commissioner who recklessly made a mistake on my Licensed Customs Broker Exam appeal return letter. As she recklessly sent my letter to **63 Quentin RD, Brooklyn NY 11223**, where the address does not exist at all, while the correct address was **64 Quentin RD, Brooklyn NY 11223.** Ms. Brenda B. Smith also had my gender wrong, she also referred me as Mr. Zhong instead of Ms. Zhong. Ms. Brenda B. Smith made two major mistakes on one page of letter. I don't see how enthusiastic/professional Ms. Brenda B. Smith is in her job. It led to too much disappointment and frustration all these years waiting for the return letter that could never arrived. Even though I moved, I kept going back to 64 Quentin RD. Brooklyn NY 11223 to check on my return letter. While waited for sufficient amount of time, I went out of my way again (I called and left voice messages before but no one returned all my calls) and I contacted someone from Broker Management office via Email and someone named Hannah assisted me there, she tracked down my missing letter for me and found out the letter was sent to a non-existed address. She even admitted the address indeed was sent to an incorrect address. My first complaint is, Ms. Brenda B. Smith the Executive Assistant Commissioner who is reckless and unprofessional while dealing with important return letters like this. I am begging the judge to have Ms. Brenda B. Smith held responsible for her recklessness. I want justice! Civil servant should take their job seriously. Attached below is proof for the incorrect address:

**From:** BROKERMANAGEMENT <brokermanagement@cbp.dhs.gov>
**Sent:** Tuesday, December 7, 2021 12:38 PM
**To:** Shuzhen Zhong <shuzhen.zhong93@gmail.com>; BROKERMANAGEMENT <brokermanagement@cbp.dhs.gov>
**Subject:** RE: Please help

Good afternoon Mr. Zhong,

We have done another review with the letter you have provided, and you are correct the letter was sent to the incorrect address. We are working with our branch chief now to plan for our next steps. We will reach out to you with more information as soon as possible.

Thank you,

Hannah Arnold
International Trade Specialist
U.S. Customs and Border Protection (CBP)

Therefore, CBP/ Court should give me credit for Question 56 due to the sentence poor structured, confusing, misleading and contradicted each other to which there was no correct answer. If Question 56, added that the suspect mark is identical with, that would make option A, the correct answer! I am hoping to get credit for Question 56, the question itself is indeed confusing, misleading, poor structured and contradicted each other.

**Please provide me with a Pro Bono lawyer If I needed one because I cannot afford one while I am low income, on Medicaid with two babies. If you have any questions, please don't be hesitate to contact me at 929-490-3100 Or by Email at: Angelazhong888@gmail.com**

**I really appreciate your time and effort on my case! Thank you from the bottom of my heart!**

FILED
2022 APR 14 P 12:11
U.S. COURT OF
INTERNATIONAL TRADE
OFFICE OF THE CLERK

1300 Pennsylvania Avenue NW
Washington, DC 20229



U.S. Customs and
Border Protection

*incorrect address* {  Shuzhen Zhong
63 Quentin Rd., 1st Floor
Brooklyn, NY 11223

MAY 2 3 2019

Dear Mr. Zhong: *wrong gender*

Your second appeal request for review of questions 2, 31, 32, 51, 56 and 59 on the April 2018 Customs Broker License Examination has been received. Your arguments for questions 2, 31, 32, 51, 56 and 59 have been reviewed, and you received credit for question 2. Based on this determination, your final score is 73.75 percent. A score of 75 percent must be attained to achieve a passing score on the examination. The analyses for questions 31, 32, 51, 56 and 59 are enclosed.

If you have any questions regarding these results, please do not hesitate to email: brokermanagement@cbp.dhs.gov with "Second Appeal" in the subject line.

Sincerely,

*[signature]*

Brenda B. Smith
Executive Assistant Commissioner
Office of Trade


Enclosure

1

Correct address:



**U.S. Customs and Border Protection**

AUG 2 3 2018

Shuzhen Zhong
64 Quentin Rd. 1st FL.
Brooklyn, NY 11223

Dear Shuzhen Zhong:

Customs and Border Protection (CBP) has reviewed all examination questions from the April 25, 2018 Customs Broker License Examination, and has determined that all examinees should receive credit for questions 28, 66 and 68. You have received credit for 28 and 68.

Your appeal of question 2, 31, 32, 51, 56 and 59 on the April 25, 2018 Customs Broker License Examination has been reviewed. You did not receive credit for any questions that you appealed. Based on this determination, and including credit for any questions you may not have appealed but for which you were granted credit, your final score is 72.5 percent. A score above 75 percent must be attained to achieve a passing score on the examination.

A review of the decision on the appeal may be requested by submitting arguments to the Assistant Commissioner, Office of Trade, within 60 days of the date of this letter. Please note that only questions originally submitted for appeal are eligible for further review.

You may submit your request and documentation for further review to:

U.S. Customs and Border Protection
Assistant Commissioner
Office of Trade
1400 L Street NW, 12th Floor
Washington, D.C. 20229-1143

Re: Customs Broker License Exam Appeals

If you have any questions regarding this matter, please do not hesitate to contact Ms. Julia Peterson, Chief, Broker Management Branch, at (202) 863-6601.

Sincerely,

John P. Leonard
Executive Director
Trade Policy & Programs Directorate
Office of Trade
Roberto Von Ziegler

Secondly,
Customs Erred in Denying appeal:
When I Emailed Broker Management office for any sort of help, including Executive Assistant Commissioner Ms. Brenda B. Smith had my return appeal letter sent to a non-existed address. Nobody offered to assist me with the complaint I begged for, they only advised me to go to CIT (Court of International Trade) for help. When I requested Broker Management Office to take another look at my 2nd exam appeal because Ms. Brenda B. Smith kept making mistakes on my address and gender, she might as well overlooked/neglected and misunderstood my argument for my 2nd exam appeal which led to my failing exam grade. Ms. Melba Hubbard the Broker Management Branch Chief also advised me to get help from CIT (Court of International Trade) instead of offering any sort of help, even knowing Ms. Brenda B. Smith the Executive Assistant Commissioner made major mistakes such as my address and gender on one single page.
Please see attachment below for proof of Customs Erred in denying appeal:

On Mon, Dec 13, 2021 at 5:15 PM HUBBARD, MELBA <MELBA.HUBBARD@cbp.dhs.gov> wrote:
> Good afternoon Ms. Zhong,
> CBP appreciates your patience while we work through your exam appeal issue.
> Pursuant to 19 CFR 111.13(f), there is no further administrative appeals that can be made to CBP to contest CBP's decision of May 23, 2019. Because the first and second exam appeals have been completed, however, you, may appe CBP's decision to the Court of International Trade pursuant to 19 U.S.C. 1641(e)(1) and 28 U.S.C. 2636(g). For your reference: Court of International Trade (CIT) www.cit.us.courts.gov or phone number (212) 264-2800.
>
> Please let me know if you have additional questions about this matter.
>
> Best Regards,
>
> *Melba Hubbard*
> *U.S Customs and Border Protection*
> *HQ Broker Management Branch*
> *1331 Pennsylvania NW., 9th Floor*
> *Washington DC 20229*
> *melba.hubbard@cbp.dhs.gov*

On Dec 14, 2021, at 12:33 PM, HUBBARD, MELBA <MELBA.HUBBARD@cbp.dhs.gov> wrote:

Good morning,

Unfortunately, there is not a third review appeal for the exam, and your appeals have already been processed. As you have been given your appeal rights, you may pursue petition at the CIT level.

While I understand your disappointment at the exam outcome, the fact that your results were sent to the incorrect address does not change your score and once you have appealed the results your only option is to seek review at the CIT.

CBP advises you to consult with an attorney, to fully explore your rights.

Sincerely,
Melba

Thirdly, I am challenging question **32** & question **56** from April 2018 Customs Broker Exam.

**Question 32**
What is the **CLASSIFICATION** of glazed ceramic mosaic cubes on a mesh backing, which measure approximately 1 centimeter wide by 1 centimeter long by 1 centimeter thick, and have a water absorption coefficient by weight of .3 percent?

   A. 6802.10.0000
   B. 6907.21.2000
   C. 6907.21.3000
   D. 6907.30.3000
   E. 6914.10.8000

In grading the exam, CBP designated the correct answer as D (6907.30.3000). Question 32 states that the merchandise consists of glazed ceramic mosaic cubes on a mesh backing, measuring 1 centimeter wide by 1 centimeter long by 1 centimeter thick, with a water absorption coefficient by weight of 0.3%. Pursuant to GRI 1, the mosaic cubes are classified in heading 6907, HTSUS, as "ceramic flags and paving, hearth or wall tiles; ceramic mosaic cubes and the like, whether or not on a backing; finishing ceramics." Subheading 6907.21, HTSUS, provides for "flags and paving, hearth or wall tiles, other than those of subheading 6907.30 and 6907.40: of a water absorption coefficient by weight not exceeding 0.5%." Subheading 6907.30, HTSUS, provides for "mosaic cubes and the like, other than those of subheading 6907.40." As the merchandise at issue consists of mosaic cubes, they are more specifically described in subheading 6907.30, HTSUS. In particular, they are classified in subheading 6907.30.3000, HTSUS, as mosaic cubes that are "glazed: the largest surface area of which is capable of being enclosed in a square the side of which is less than 7 cm: other: the largest surface area of which is less than 38.7 cm." Therefore, Answer D is the correct answer.

You state that Answer B is the correct answer for a similar reason, i.e., subheading 6907.30.3000, HTSUS (Answer D), omits the water absorption coefficient, unlike subheading 6907.21.2000, HTSUS (Answer B). However, it is necessary to compare the subheadings at the six digit level and skip to the eight digit level when looking at the water absorption coefficient identified in subheading 6907.21.20. At the six digit level, subheading 6907.30, more specifically describes the merchandise as ceramic mosaic cubes.

**Question 32**: Question 32 states that the merchandise consists of glazed ceramic mosaic cubes on a mesh backing, measuring 1-centimeter-wide by 1-centimeter-long and 1-centimeter-thick, with a water absorption coefficient by weight of 0.3%. Pursuant to GRI 1, the mosaic cube is classified in heading 6907HTSUS, both Answer B (6907.21.2000) and D (6907.30.3000) stated that the merchandise consisted of ceramic flags and paving, hearth or wall tiles; ceramic mosaic cubes and the like, whether or not on a backing; finishing ceramics: subheading 6907.21, HTSUS, provided more of a detailed, in-depth description that are more specifically described in subheading (6907.21.2000) The largest surface area of which is capable of being enclosed in a square the side of which is less than 7cm. of a water absorption coefficient by weight not exceeding 0.5% (con.) Glazed: whereas, (6907.30.3000) completely omitted the water absorption coefficient. Subheading (6907.21.2000) covered all the description of the mosaic cube in a comprehensive manner.

Therefore, CBP/ Court should give me credit for question 32 because answer B subheading (6907.21.2000) provided more of a detail oriented, comprehensive description that better matched the glazed ceramic mosaic cubes on a mesh backing. While subheading (6907.30.3000) had important missing information that makes answer B subheading (6907.21.2000) more align with the description of the glazed ceramic mosaic cubes.

**Question 56**
While examining your client's shipment of 1,000 handbags at the container examination station, CBP discovered that the goods bear a mark suspected of infringing a trademark associated with a well-known designer. The designer's mark is registered on the Principal Register of the U.S. Patent and Trademark Office and recorded with CBP. The suspect mark is not identical with or substantially indistinguishable from the registered and recorded mark; rather, CBP determines that it copies or simulates the registered and recorded mark and, consequently, detains the handbags.

Which of the following options is available to the importer to obtain relief from detention within 30 days?

- A. The importer may remove or obliterate the suspect marks from the handbags in such a manner that they are incapable of being reconstituted.
- B. The importer may label the merchandise with the following statement: "This product is not a product authorized by the United States trademark owner for importation and is physically and materially different from the authorized product."
- C. The importer may file a petition under 19 CFR pt. 171, persuasively arguing that the suspect marks do not actually so resemble the recorded mark as to be likely to confuse the public.
- D. The importer may claim the personal use exemption under 19 CFR 148.55.
- E. None of the above.

The correct answer is A. The import may remove the objectionable marks from the merchandise in accordance with 19 CFR 133.22(c)(1).

You state, in pertinent part, "this question is unclear and thus it has no possible correct answer. The question states that 'the suspect mark is not identical with or substantially indistinguishable from the registered and recorded mark' while also stating 'it copies or simulates the registered and recorded mark.' These two statements can be interpreted as contradicting each other. A 'copy' could imply identicalness."

The question tests the ability to differentiate between goods bearing counterfeit trademarks, as defined by 19 C.F.R. § 133.21, and goods bearing copying or simulating trademarks, as defined by 19 C.F.R. § 133.22. The ability of the test taker to identify the proper remedy, removing or obliterating the suspect marks, is predicated on the ability to differentiate between the differing definitions in 19 C.F.R. § 133.21 and 19 C.F.R. § 133.22. Inasmuch as the words "copy," "copies," or "simulates," do not appear in 19C.F.R. § 133.21, the test taker should have been able to determine that the merchandise in the question properly fell under 19 C.F.R. § 133.22, and identify the correct answer. Accordingly, the test question does have a correct answer and the assertion that the question was unclear with possible correct answer is faulty.

**Question 56**: There is a loophole/flaw to the phrasing of question 56, which makes the answer A, B, C, D, E has no possible correct answer. On the question, "The suspect mark is not identical with or substantially indistinguishable from the registered and recorded mark; rather, CBP determines that it copies or simulates the registered and recorded mark and, consequently, detains the handbags." When we hear of the word "COPY" we always tend to think of it as identical, replication, duplication, the same. But that the suspected mark is **NOT IDENTICAL OR SUBSTANTIALLY INDISTINGUISHABLE** for the registered and recorded mark. The use of the word "COPY" contradicted with the word "NOT IDENTICAL". Which leading option A isn't the correct answer either. If the merchandise detained are not the same, not identical from the designer's mark that is registered on the Principal Register of the U.S. Patent and Trademark Office and recorded with CBP then the handbags does not consider "copy". According to the explanation given by CBP (please see the above page), A "copy" could imply identicalness, but on the question itself, it clearly stated NOT IDENTICAL. It contradicted itself and confused test-takers. Therefore, this question has no possible correct answer.

The second reason that this question has no possible correct answer is because the phrasing/wording has a major grammatical defect which misled the entire meaning of the sentence, "The suspect mark is not identical with or substantially indistinguishable from the registered and recorded mark", is very confusing, it tricked people into thinking, "The suspect mark is not identical with nor substantially indistinguishable from the registered and recorded mark." For example, "I do not like apple or orange." It clearly means that I don't like both apple or orange. But in this sentence "The suspect mark is not identical with or substantially indistinguishable from the registered and recorded mark" misled me and most of the test takers into thinking the suspect mark is not identical with nor substantially indistinguishable from the registered and recorded mark, meaning the suspect mark is nothing like the genuine mark, not identical with and can be easily distinguished. Thus, the handbags are not a copy! **According to §133.21Articles suspected of bearing counterfeit marks. (a) Counterfeit mark defined. A "counterfeit mark" is a spurious mark that is identical with, or substantially indistinguishable from, a mark registered on the Principal Register of the U.S. patent and Trademark office.** The question stated the suspect mark is not identical with or substantially indistinguishable from the registered and recorded mark, therefore; it does not match the definition for a counterfeit mark. Which led to no correct answer for question 56.

2022 APR 14 P 12: 11

U.S. COURT OF
INTERNATIONAL TRADE
OFFICE OF THE CLERK