UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

| | |
|---|---|
| SHUZHEN ZHONG, | : |
| Plaintiff, | : Court No. 22-00041 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

## ORDER

Upon consideration of defendant's motion for judgment on the agency record or, in the alternative, judgment on the pleadings, and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion be, and hereby is, granted; and it is further

**ORDERED** that this action is dismissed.

_____
JUDGE

Dated: _____
  New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

| | |
|---|---|
| SHUZHEN ZHONG, | : |
| Plaintiff, | : Court No. 22-00041 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE AGENCY RECORD OR, IN THE ALTERNATIVE, JUDGMENT ON THE PLEADINGS**

Defendant, the United States, moves for judgment on the agency record pursuant to United States Court of International Trade (USCIT) Rule 56.1, or, in the alternative, judgment on the pleadings pursuant to USCIT Rule 12(c). Specifically, the United States requests that the Court uphold U.S. Customs and Border Protection's reasonable decision to deny plaintiff, Ms. Shuzhen Zhong, credit for two of her incorrect answers on the April 2018 Customs Broker License Exam. The basis for our motion is set forth in the attached memorandum.

WHEREFORE, defendant respectfully requests that its motion be granted.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney in Charge
International Trade Field Office

|                                              |      |                                          |
|----------------------------------------------|------|------------------------------------------|
|                                              | By:  | /s/ Aimee Lee                            |
|                                              |      | AIMEE LEE                                |
|                                              |      | Assistant Director                       |
|                                              |      |                                          |
|                                              |      | /s/ Luke Mathers                         |
|                                              |      | LUKE MATHERS                             |
| Of Counsel:                                  |      | Trial Attorney                           |
| Mathias Rabinovitch                          |      | Department of Justice, Civil Division    |
| Office of the Assistant Chief Counsel        |      | Commercial Litigation Branch             |
| International Trade Litigation               |      | 26 Federal Plaza, Room 346               |
| U.S. Customs and Border Protection           |      | New York, New York 10278                 |
|                                              |      | (212) 264-9236                           |
| Dated: June 17, 2022                         |      | *Attorneys for Defendant*                |

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

|  |  |
|---|---|
| SHUZHEN ZHONG, | : |
|  | : |
| Plaintiff, | : Court No. 22-00041 |
|  | : |
| v. | : |
|  | : |
| UNITED STATES, | : |
|  | : |
| Defendant. | : |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
FOR JUDGMENT ON THE AGENCY RECORD OR, IN THE ALTERNATIVE,
<u>JUDGMENT ON THE PLEADINGS</u>**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney in Charge
International Trade Field Office

AIMEE LEE
Assistant Director

LUKE MATHERS
Of Counsel:      Trial Attorney
Mathias Rabinovitch      Department of Justice, Civil Division
Office of the Assistant Chief Counsel      Commercial Litigation Branch
International Trade Litigation      26 Federal Plaza, Room 346
U.S. Customs and Border Protection      New York, New York 10278
     (212) 264-9236
Dated: June 17, 2022      *Attorneys for Defendant*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

BACKGROUND ....................................................................................................................... 1

RULE 56.1(C)(1) STATEMENT .............................................................................................. 3

ARGUMENT ............................................................................................................................. 3

   I.   Standard of Review ......................................................................................................... 3

   II.   Customs Reasonably Denied Ms. Zhong Credit for Question 32 ................................... 4

   III.   Customs Reasonably Denied Ms. Zhong Credit for Question 56 ................................. 6

CONCLUSION ........................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*Ajibola v. Sabena Belgium Airline*,
  No. 95 Civ. 2479(CSH), 1996 WL 383133 (S.D.N.Y. July 9, 1996) ........................................ 9

*Apex Universal, Inc. v. United States*,
  22 C.I.T. 465 (1998) ................................................................................................................. 5

*Chae v. Yellen*,
  No. 20-00316, 2022 WL 1950414 (Ct. Int'l Trade June 6, 2022) ........................................... 10

*Di Iorio v. United States*,
  14 C.I.T. 746 (1990) ............................................................................................................ 3, 10

*Harak v. United States*,
  30 C.I.T. 908 (2006) .............................................................................................................. 6, 8

*In Zone Brands, Inc. v. United States*,
  456 F. Supp. 3d 1309 (Ct. Int'l Trade 2020) ............................................................................ 4

*Lifestyle Enter., Inc. v. United States*,
  865 F. Supp. 2d 1284 (Ct. Int'l Trade 2012) ............................................................................ 4

**Statutes**

19 U.S.C. § 1641(e)(1) ................................................................................................................. 10

Heading 6802, HTSUS ................................................................................................................... 5

Heading 6907, HTSUS ................................................................................................................... 5

  Subheading 6907.21 ................................................................................................................ 5, 6

  Subheading 6907.30 ................................................................................................................... 5

    Subheading 6907.30.3000 ....................................................................................................... 5

  Subheading 6907.40 ................................................................................................................... 5

Heading 6914, HTSUS ................................................................................................................... 5

**Regulations**

19 C.F.R. § 111.13(f) ............................................................................................................... 10

19 C.F.R. § 133.21(a) ................................................................................................................. 7

19 C.F.R. § 133.22(a) .......................................................................................................... 7, 8, 9

19 C.F.R. § 133.22(c) ................................................................................................................. 8

19 C.F.R. § 133.22(c)(4) ............................................................................................................ 9

19 C.F.R. § 133.22(e) ................................................................................................................. 8

19 C.F.R. § 133.22(f) ................................................................................................................. 9

19 C.F.R. § 133.23(a) ............................................................................................................. 7, 9

19 C.F.R. § 133.23(c)(3) ............................................................................................................ 9

19 C.F.R. § 148.55(c) ................................................................................................................. 9

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

| | |
|---|---|
| SHUZHEN ZHONG, | |
| Plaintiff, | Court No. 22-00041 |
| v. | |
| UNITED STATES, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
FOR JUDGMENT ON THE AGENCY RECORD OR, IN THE ALTERNATIVE,
JUDGMENT ON THE PLEADINGS**

Defendant, the United States (the Government), pursuant to the Court's May 26, 2022, letter, ECF No. 11, submits this memorandum in support of its motion for judgment on the agency record under United States Court of International Trade (USCIT) Rule 56.1 or, in the alternative, judgment on the pleadings under USCIT Rule 12(c). For the reasons explained below, the Court should deny Ms. Zhong judgment, grant the Government judgment, and dismiss this action.

**BACKGROUND**

Ms. Zhong sat for the April 25, 2018, Customs Broker License Examination administered in Flushing, New York. Administrative Record, Ex. C at 40, ECF No. 10.[1] A test-taker must achieve a score of 75 percent to pass. *Id.*, Ex. A at 2. The exam is open book, and Ms. Zhong

---

[1] Administrative Record citations include references to the exhibits therein, as USCIT Rule 56.1(c)(2) requires. A list of exhibits is provided in the certification attached to the Administrative Record. ECF No. 10-1. The page numbers cited are those of the Administrative Record as a whole, not of the exhibits themselves.

was responsible for bringing the Harmonized Tariff Schedule of the United States (HTSUS) and Title 19 of the Code of Federal Regulations with her. *Id.*

After grading the exam, U.S. Customs and Border Protection (Customs) informed Ms. Zhong that she failed with a score of 70 percent. *Id.*, Ex. B at 37–38. Customs advised her that she could appeal administratively. *Id.* She did that, challenging questions 2, 32, and 56, among others, as faulty. *Id.*, Ex. C at 40–46. Customs denied this first appeal. *Id.*, Ex. D at 48.

Ms. Zhong then appealed a second time. *Id.*, Ex. E at 50–56. Customs granted Ms. Zhong credit for question 2, but otherwise denied her second appeal. *Id.*, Ex. L at 80–88. That left Ms. Zhong with a still-failing score of 73.75 percent. *Id.* at 80. Customs' decision denying Ms. Zhong's second appeal, however, was mistakenly addressed to "Mr." Zhong at 63 Quentin Road, instead of 64 Quentin Road. *Id.*

After eventually receiving Customs' decision on her second appeal by email, Ms. Zhong filed a letter with the Court, identified on the docket as a Summons and a Complaint. ECF Nos. 1 and 2. Ms. Zhong subsequently clarified that she is challenging Customs' denial of credit for her answers to questions 32 and 56. ECF No. 6. And in her submission in response to the Court's May 26, 2022, letter (construed as a submission in support of judgment on the pleadings in her favor), Ms. Zhong appears to further limit her challenge to question 56 alone. ECF No. 13 at 1–2.

The Court should deny Ms. Zhong judgment, grant the Government judgment, and dismiss this action. Customs reasonably denied Ms. Zhong credit for her answers to questions 32 and 56 because each question has a best answer that Ms. Zhong did not select.

## RULE 56.1(C)(1) STATEMENT

1. The administrative determination under review is Customs' denial of Ms. Zhong's second administrative appeal of her score on the April 2018 Customs Broker License Exam, specifically, Customs' decision to deny Ms. Zhong credit for her answers to questions 32 and 56. Administrative Record, Ex. L at 80–88.

2. The issue of law is whether Customs reasonably denied Ms. Zhong credit for her answers to question 32 and 56. Customs did so. Each question was adequate, and Customs correctly explained why Ms. Zhong's answers were wrong. Administrative Record, Ex. L at 80–88. Customs therefore did not abuse its discretion, act arbitrarily or capriciously, lack substantial evidence in reaching its decision, or otherwise violate the law.

## ARGUMENT

### I. Standard of Review

The Court is not "some kind of final reviewer of the Customs broker licensing examinations." *Di Iorio v. United States*, 14 C.I.T. 746, 752 (1990). Instead, on a Rule 56.1 motion for judgment on the agency record or a Rule 12(c) motion for judgment on the pleadings, the Court reviews Customs' decision to deny credit for a test-taker's answers under a reasonableness standard, bearing in mind that Customs "must be allowed some latitude in designing and judging its tests." *Id.* at 747, 752. Thus, if a challenged question is "adequate" and has a "best" answer that the test-taker did not select, Customs may reasonably deny credit, even if the question is "not perfect." *Id.* at 748–49.

**II.    Customs Reasonably Denied Ms. Zhong Credit for Question 32**

Customs reasonably denied credit to Ms. Zhong for her incorrect answer to question 32 on the April 2018 Customs Broker License Exam. Question 32 asks test-takers to classify "glazed ceramic mosaic cubes" that are one centimeter in width, length, and thickness:

> What is the **CLASSIFICATION** of glazed ceramic mosaic cubes on a mesh backing, which measure approximately 1 centimeter wide by 1 centimeter long by 1 centimeter thick, and have a water absorption coefficient by weight of .3 percent?
>
>    A.  6802.10.0000
>    B.  6907.21.2000
>    C.  6907.21.3000
>    **D.  6907.30.3000**
>    E.  6914.10.8000

Administrative Record, Ex. L at 83 (emphasis added). Customs designated D as the correct answer, and Ms. Zhong chose B. *Id.*

In her submission, Ms. Zhong does not discuss question 32 or contest the Court's statement that "[a]s to question 32, Customs' explanation appears correct." ECF No. 11 at 1; *see* ECF No. 13. We take that to mean that Ms. Zhong no longer challenges question 32. *Lifestyle Enter., Inc. v. United States*, 865 F. Supp. 2d 1284, 1292–93 (Ct. Int'l Trade 2012) (an argument that a party knows that it could make in dispositive briefing, but chooses not to make, is waived).

In any event, the cubes are properly classified under subheading 6907.30.3000, HTSUS (answer choice D), and Customs reasonably denied Ms. Zhong credit for classifying the cubes under subheading 6907.21.2000 (answer choice B). Classification of merchandise is guided by the General Rules of Interpretation (GRIs) taken in numerical order. *See, e.g.*, *In Zone Brands, Inc. v. United States*, 456 F. Supp. 3d 1309, 1315 (Ct. Int'l Trade 2020). GRI 1 requires classification to "be determined according to the terms of the headings and any relative section or chapter notes." *Id*.

4

First, the subject cubes are properly classified under heading 6907. That heading provides for "ceramic flags and paving, hearth or wall tiles; ceramic mosaic cubes and the like, whether or not on a backing; finishing ceramics." Heading 6907 therefore explicitly covers the "ceramic mosaic cubes" of question 32. Answer choices A (heading 6802) and E (heading 6914) do not apply. Heading 6802 covers "mosaic cubes and the like, of natural stone"—not *ceramic* mosaic cubes. And heading 6914 is a "catch-all basket provision" for "[o]ther ceramic articles" that applies "only when there is no tariff category that covers the merchandise more specifically." *Apex Universal, Inc. v. United States*, 22 C.I.T. 465, 471 (1998). Because heading 6907 most specifically covers the cubes, answer choices A and E are wrong.

This leaves answer choices B, C, and D. The subject glazed ceramic mosaic cubes of one-centimeter width, length, and thickness are properly classified under subheading 6907.30. That subheading—"Mosaic cubes and the like, other than those of subheading 6907.40"—most specifically covers the cubes. The competing subheadings instead cover "[f]lags and paving, hearth or wall tiles, *other than those of subheading 6907.30* and 6907.40" of various water absorption coefficients (subheading 6907.21, among others) and "[f]inishing ceramics" (subheading 6907.40). In other words, subheading 6907.21 excludes "[m]osaic cubes and the like" of subheading 6907.30. Answer choices B (6907.21.2000) and C (6907.21.3000) are therefore incorrect, leaving only answer choice D (6907.30.3000) remaining. That is also the best answer, as Customs reasonably explained that subheading 6907.30.3000 covers ceramic mosaic cubes that are "[g]lazed: The largest surface area of which is capable of being enclosed in a square the side of which is less than 7 cm: Other: The largest surface area of which is less than 38.7 cm[2]." Administrative Record, Ex. L at 83. Because the glazed ceramic cubes are approximately one centimeter wide by one centimeter long by one centimeter thick, the

5

merchandise falls within the terms of the subheading.

Ms. Zhong's earlier filings stress that choice B is the correct answer because subheading 6907.30.3000 omits the water absorption coefficient that question 32 mentions the cubes have. *See, e.g.*, ECF No. 6 at 9. But the water absorption coefficient is a "red herring" that test-takers should have ignored. Even though subheading 6907.21 does have a water absorption coefficient limit of 0.5%, that subheading covers only "[f]lags and paving, hearth or wall tiles" and excludes mosaic cubes. Ms. Zhong's answer choice of B is therefore incorrect because subheading 6907.30 covers the cubes regardless of their water absorption coefficient. *See Harak v. United States*, 30 C.I.T. 908, 915 (2006) ("Plaintiff argues that since subheading 2001.90.34 does not reference a limitation in diameter, choice E is invalid. The diameter limitation is a red herring; since subheading 2001.90.34 does not reference a size limitation, it is the correct classification for onions preserved by vinegar or acetic acid of whatever size.").

Because the best answer to question 32 is D, Customs' decision to deny Ms. Zhong credit for answer choice B was reasonable.

### III.  Customs Reasonably Denied Ms. Zhong Credit for Question 56

Customs also reasonably denied Ms. Zhong credit for her incorrect answer to question 56. Question 56 asks test-takers to identify how an importer can obtain relief from Customs' detention of a shipment of 1,000 handbags bearing a mark that copies or simulates, but is not identical to or substantially indistinguishable from, a registered and recorded mark:

> While examining your client's shipment of 1,000 handbags at the container examination station, CBP discovered that the goods bear a mark suspected of infringing a trademark associated with a well-known designer. The designer's mark is registered on the Principal Register of the U.S. Patent and Trademark Office and recorded with CBP. The suspect mark is not identical with or substantially indistinguishable from the registered and recorded mark; rather, CBP determines that it copies or simulates the registered and recorded mark and, consequently, detains the handbags.

>Which of the following options is available to the importer to obtain relief from detention within 30 days?
>
>   **A. The importer may remove or obliterate the suspect marks from the handbags in such a manner that they are incapable of being reconstituted**.
>   B. The importer may label the merchandise with the following statement: "This product is not a product authorized by the United States trademark owner for importation and is physically and materially different from the authorized product."
>   C. The importer may file a petition under 19 CFR pt. 171, persuasively arguing that the suspect marks do not actually so resemble the recorded mark as to be likely to confuse the public.
>   D. The importer may claim the personal use exemption under 19 CFR 148.55.
>   E. None of the above.

Administrative Record, Ex. L at 86 (emphasis added). Customs designated the correct answer as A. *Id.* Ms. Zhong chose B. *Id.*, Ex. C at 43. Ms. Zhong argues that the question suffers from "a major grammatical defect which confused" her and "most of the test takers." ECF No. 13 at 1. She suggests, in effect, that "copies" means the same thing as "identical," so the question is too unclear to have a best answer. *See id.*

Question 56 is clear, however. The phrases "identical with or substantially indistinguishable from" and "copies or simulates" come directly from Title 19 of the Code of Federal Regulations. A "counterfeit mark" is a "spurious mark that is identical with, or substantially indistinguishable from, a mark registered on the Principle Register of the U.S. Patent and Trademark Office." 19 C.F.R. § 133.21(a). The regulation governing "[r]estricted gray market articles" similarly targets "articles bearing a genuine trademark … identical with or substantially indistinguishable from one owned and recorded by a" U.S. owner. *Id.* § 133.23(a). But a "copying or simulating" mark is "one which may so resemble a recorded mark … as to be likely to cause the public to associate the copying or simulating mark … with the recorded mark." *Id.* § 133.22(a). Question 56 thus makes clear that the handbags bear a copying or

7

simulating mark, rather than a counterfeit mark, and are not gray-market articles. Administrative Record, Ex. L at 86 (explaining that the question makes clear that § 133.22, not § 133.21, applies to the subject handbags with copying marks). That the word "copy" might be synonymous with the word "identical" in some other context did not relieve Ms. Zhong of her obligation to understand how Customs regulations use those words in this context. As Customs explained, question 56 "tests the ability to differentiate between goods bearing counterfeit trademarks … and goods bearing copying or simulating trademarks" and to identify the proper remedy using applicable Customs regulations—not simply to read the question or one regulation in isolation. *Id.*; *see Harak*, 30 C.I.T. at 921 ("[T]he question does not need to explicitly mention the regulations when it tests knowledge of their content. Obviously, what is tested is the future broker's knowledge of law, not his mere ability to read regulations.").

Because 19 C.F.R. § 133.22 governs, A is the best answer choice. That regulation provides that Customs shall detain merchandise bearing a copying or simulating mark for thirty days, during which time the importer can either remove or obliterate the mark so that it cannot be "reconstituted," show that it has permission from the mark's "recordant," or claim "the one-item personal exemption" of 19 C.F.R. § 148.55. *Id.* § 133.22(c). If the importer does any one of those things, it can obtain relief from detention. *Id.* § 133.22(e). The only answer choice that would allow the importer to obtain relief from Customs' detaining the 1,000-handbag shipment, therefore, is answer choice A: "The importer may remove or obliterate the suspect marks from the handbags in such a manner that they are incapable of being reconstituted." That answer choice, as Customs explained, is the best one. Administrative Record, Ex. L at 86.

Ms. Zhong does not suggest that the answer choice that she selected, B, is correct. ECF No. 13 at 1 (arguing that answer choice E ("None of the above") is correct). Nonetheless,

8

answer choice B—which suggests that the importer could label the handbags with a curative disclosure—is wrong because that option works only for certain gray-market articles. 19 C.F.R. § 133.23(c)(3). Because the handbags bear a copying or simulating mark, rather than one which is identical to or substantially indistinguishable from a recorded mark, the gray-market regulation is inapplicable. *Compare id.* § 133.22(a) *with id.* § 133.23(a).

The remaining answer choices are also incorrect. First, answer choice D ("The importer may claim the personal use exemption under 19 CFR 148.55") is wrong because the "one-item personal use exemption," 19 C.F.R. § 133.22(c)(4), does not apply to a shipment of 1,000 handbags. *See* 19 C.F.R. § 148.55(c); *Ajibola v. Sabena Belgium Airline*, No. 95 Civ. 2479(CSH), 1996 WL 383133, at *3 (S.D.N.Y. July 9, 1996) (two cartons' worth of baseball caps weighing 235 kilograms each "cannot possibly be deemed to be for … 'personal use'"), *aff'd*, 108 F.3d 1369 (2d Cir. 1997). Second, answer choice C ("The importer may file a petition under 19 CFR pt. 171 …") is wrong because the handbags were detained, not seized. An importer's "right to petition for relief in accordance with the provisions of part 171" is triggered upon seizure, not detention. 19 C.F.R. § 133.22(f). And third, answer choice E ("None of the above") is wrong because A is the best response.

Because question 56 is clear and the best answer is A, Customs reasonably denied Ms. Zhong credit for incorrectly selecting answer choice B. Ms. Zhong challenges no other questions,[2] and because she fails to state any claim for relief,[3] the Court should grant the

---

[2] The Court's recent decision in *Chae v. Yellen*, No. 20-00316, 2022 WL 1950414 (Ct. Int'l Trade June 6, 2022), does not impact Ms. Zhong's case. In *Chae*, the Court concluded (in dicta, as it acknowledged, *id.* at *19 n.10) that question 57 of the same exam that Ms. Zhong took had two correct answers: D and E. *Id.* at *20. But Ms. Zhong correctly selected answer choice E for question 57, Administrative Record, Ex. C at 43, so *Chae* would not change her score of 73.75 percent.

[3] That Customs mistakenly addressed its decision to "Mr." Zhong at the wrong address

Government judgment and dismiss this case.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court deny Ms. Zhong judgment, grant the Government judgment, and dismiss this action.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | JUSTIN R. MILLER<br>Attorney in Charge<br>International Trade Field Office |
| By: | /s/ Aimee Lee<br>AIMEE LEE<br>Assistant Director |
|  | /s/ Luke Mathers<br>LUKE MATHERS |
| Of Counsel:<br>Mathias Rabinovitch<br>Office of the Assistant Chief Counsel<br>International Trade Litigation<br>U.S. Customs and Border Protection<br><br>Dated: June 17, 2022 | Trial Attorney<br>Department of Justice, Civil Division<br>Commercial Litigation Branch<br>26 Federal Plaza, Room 346<br>New York, New York 10278<br>(212) 264-9236<br>*Attorneys for Defendant* |

---

does not entitle Ms. Zhong to any relief. This case is brought under 28 U.S.C. § 1581(g) for review of Customs' decision to deny a customs broker's license. That review is limited to determining whether Customs reasonably denied Ms. Zhong's administrative appeals of her failing exam grade. *See Di Iorio*, 14 C.I.T. at 747. Customs did so. The misaddressing of the decision could not have affected its substance, which, contrary to Ms. Zhong's speculation, was not the work of just one person. *See* Administrative Record, Ex. H at 67–68, Ex. J at 74–75 (Regulations and Rulings' review of Ms. Zhong's arguments). Nor did any clerical errors deprive Ms. Zhong of administrative or judicial process. Test-takers may lodge two administrative appeals of failing grades, 19 C.F.R. § 111.13(f), after which they may appeal to this Court, 19 U.S.C. § 1641(e)(1). Ms. Zhong was able to do all of that. *See* Administrative Record, Ex. C at 40–46, Ex. E at 50–56.

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| SHUZHEN ZHONG, | : | |
| | : | |
| Plaintiff, | : | Court No. 22-00041 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF COMPLIANCE**

    I, Luke Mathers, a trial attorney in the Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing Memorandum in Support of Defendant's Motion for Judgment on the Agency Record or, in the Alternative, Judgment on the Pleadings, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 3,256 words.

/s/ Luke Mathers
LUKE MATHERS

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| SHUZHEN ZHONG, | : | |
| Plaintiff, | : | Court No. 22-00041 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Luke Mathers, a trial attorney in the Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office, certify that on June 17, 2022, on behalf of the United States, defendant, I caused the foregoing Motion for Judgment on the Agency Record or, in the Alternative, Judgment on the Pleadings, and Memorandum in support thereof to be served upon plaintiff, Ms. Shuzhen Zhong, at her last known address, 101 Edgegrove Avenue, Staten Island, NY 10312, by Federal Express.

/s/ Luke Mathers
LUKE MATHERS